UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT ANDREW FABER | : | DOCKET NO. 15-cv-2382 |
| B.O.P. # 86204-004 | | |
| VERSUS | : | JUDGE MINALDI |
| REBECCA CLAY | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Andrew Faber ("Faber") filed the instant civil rights complaint under the Federal Tort Claims Act[1] ("FTCA"). At the time of filing Faber was an inmate in the custody of the Federal Bureau of Prisons and was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). He was subsequently transferred to a halfway house in Kalamazoo, MI. Docs. 12 & 15. He names the United States, FCIO Health Services Administrator Heather Howard, FCIO Assistant Health Services Administrator Patricia Almandinger, FCIO physician Joel Alexander, and FCIO Warden Becky Clay as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## I.
### BACKGROUND

Faber's claims relate to the treatment/lack thereof he received for an umbilical hernia, which he allegedly sustained at FCIO in January 2014. Doc. 1, pp. 2–3. He filed an administrative

---

[1] 28 U.S.C. §§ 1346(b)(1) and 2671.

tort claim on April 5, 2015, but withdrew it on April 17, 2015. Doc. 1, p. 3; doc. 1, att. 1, p. 37. He now alleges medical negligence and misrepresentation on the part of the above-named defendants. Doc. 1, p. 3. As relief he seeks $5,000,000.00 in general damages. *Id.* at 4. He also requests that his "outdate" be extended by forfeiture of his existing good time plus any good time earned in the future in order to undergo surgery for the hernia while still in BOP custody.[2] *Id.* In the event that the forfeiture of good time cannot be done, he requests additional damages to pay for the cost of surgery, travel, and food expenses. *Id.*

## II.
### LAW AND ANALYSIS

In the FTCA Congress waived the United States' sovereign immunity for torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671–2680; *Ali v. Fed. Bureau of Prisons*, 128 S.Ct. 831, 835 (2008). Accordingly, the FTCA gives federal district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Sheridan v. United States*, 108 S.Ct. 2449, 2454 (1988) (quoting 28 U.S.C. § 1346(b)).

### A.  Claims against Individual Defendants

Faber names both individuals and the United States as defendants in his suit. The only proper defendant in an FTCA action is the United States. *See Galvin v. Occupational Safety &*

---

[2] The court notes that it denied Faber's Emergency Motion to Remand Good Time back to the Bureau of Prisons in Regards to Federal Tort Claim Suit. Doc. 11.

*Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Thus Faber has failed to state a viable FTCA claim against the individual defendants.

**B.  Claims against United States**

The FTCA is the exclusive remedy for claims sounding in common law tort against the United States. 28 U.S.C. § 2679. Subject matter jurisdiction of this court is conditioned on compliance with 28 U.S.C. § 2675(a), under which "an action shall not be instituted" against the United States for any act of a government employee unless and until a claimant first presents a claim to the appropriate federal agency and receives a final denial by that agency. Exhaustion of the administrative remedy found in 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to suit. *See McNeil v. U.S.*, 113 S.Ct. 1980, 1984 (1993). By his own admission, Faber filed but later dismissed his administrative claim. Doc. 1, p. 3; doc. 1, att. 1, p. 37. Thus the claims against the United States are unexhausted and should be dismissed.

### III.
#### CONCLUSION

**IT IS RECOMMENDED** that Faber's complaint **be DENIED AND DISMISSED WITHOUT PREJUDICE**. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),**

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE